UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY SMITH,

    Petitioner,                                                 Civil No. 09-14608
                                                             Honorable Gerald E. Rosen

v.

MICHAEL CURLEY,

    Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner, Ricky Smith, presently incarcerated at the Ojibway Correctional Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner pleaded guilty in the Lenawee Circuit Court to third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520D, and he is serving a sentence of three years and four months-to-fifteen years. For the reasons stated below, the Court denies the petition. The Court also declines to issue Petitioner a certificate of appealability.

**I. Background**

On August 6, 2008, Petitioner reached a plea bargain and pleaded guilty in the Lenawee County, Michigan circuit court to one count of third-degree criminal sexual conduct in exchange for dismissal of first-degree criminal sexual conduct and second-degree criminal sexual conduct charges. On August 29, 2008, Petitioner was sentenced to three years and four months-to-fifteen years imprisonment. Petitioner did not appeal his conviction or sentence in the Michigan courts.

Petitioner now seeks a writ of habeas corpus, arguing that the Michigan courts lacked personal and subject matter jurisdiction over him because the Michigan senate violated the Michigan constitution when they enacted Michigan's current criminal sexual conduct statue. Petitioner also alleges in the body of his petition that his trial counsel was ineffective for failing to challenge the criminal sexual conduct statute on this basis. Respondent asserts that the petition must be dismissed without prejudice because Petitioner never presented his claims to the state courts.

## II. Discussion

As an initial matter, the Court notes that Petitioner has failed to demonstrate that he has exhausted state court remedies regarding the claims contained in his petition. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Even though Petitioner has not exhausted his habeas claims in the state courts, the Court declines to dismiss the petition on such a basis. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if it is meritless such that addressing it would be efficient and not offend

federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice would be best served by adjudicating Petitioner's claims as they lack merit and may be denied despite the lack of exhaustion.

It is well established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). The petitioner's claim that the Michigan courts lacked jurisdiction over his criminal case raises an issue of state law and therefore is not cognizable in federal habeas review. *See Samel v. Jabe*, 918 F.2d 958 (6th Cir. 1990); *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Taylor v. Lecureux*, 54 F.3d 777 (6th Cir. 1995). Nor is a habeas petitioner entitled to habeas relief based upon an alleged violation of the Michigan constitution. *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Federal due process does not require state officials to follow their own procedural statutes and rules. *Sweeton v. Brown*, 27 F.3d 1162, 1165 (6th Cir. 1994). Accordingly, whether the Michigan Senate violated the Michigan constitution, as Petitioner claims, in enacting the criminal sexual conduct statute simply does not present a question that is cognizable in this habeas corpus proceeding.

Finally, to the extent that Petitioner contends that his trial counsel was ineffective for failing to challenge the constitutionality of the criminal sexual conduct statute, this claim also does not entitle him to habeas relief. To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must demonstrate "that counsel's

performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Petitioner's challenge to the Michigan criminal sexual conduct statutes has been rejected consistently by the Michigan Court of Appeals. *See People v. Taylor*, 460 N.W.2d 582 (Mich. App. 1990); *People v. Krauss*, 402 N.W.2d 49 (Mich. App. 1986); *People v. Clopton*, 324 N.W.2d 128 (Mich. App. 1982). Trial counsel's failure to challenge the statute did not constitute ineffective assistance, because that argument would have been futile. A lawyer does not perform deficiently if he or she fails to advance a futile argument. *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996)).

### III. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(citation omitted). In

applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. The Court concludes that jurists of reason would not find the Court's assessment of Petitioner's claims debatable or wrong. The Court thus declines to issue Petitioner a certificate of appealability.

## IV. ORDER

Based upon the foregoing, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: October 6, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2011, by electronic and/or ordinary mail.

        s/Felicia Moses for Ruth A. Gunther
        Case Manager